FILED Rec'd
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y. 9/16/16
★ SEP 09 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
OMAR OCASIO and VAN BROOKS,

         Plaintiffs,

  -against-

BECKY SCOTT, Warden; S. BASTIAN, Deputy
Warden of Security; V. BAILEY, Deputy Warden of
Programs; D. FRAZIER, Deputy Warden of
Administration; Ms. PEOPLE, Deputy Warden of
Visiting; Mr. BROWN, Inmate Grievance
Coordinator; C.O. GOODE, # 2713; C.O. CHERON,
# 1448; C.O. FREEMAN, Mailroom Delivery
Officer; C.O. DAVIS, # 7459; JOHN DOE, Medical
Supervisor of Med. Serv.; CAPTAIN S.T. THOMAS;
CAPTAIN V.C. ROBERTS, # 940; CAPTAIN F.
ALLEN; JOHN DOE, Head Mental Health
Supervisor; NEW YORK CITY DEPARTMENT OF
CORRECTION; and CITY OF NEW YORK,

         Defendants.
------------------------------------------------------------x

MEMORANDUM & ORDER

16-cv-1336 (ENV) (LB)

VITALIANO, D.J.,

  On March 14, 2016, plaintiffs Omar Ocasio and Van Brooks, who were both then incarcerated at the Brooklyn Detention Center, commenced this action, pursuant to 42 U.S.C. § 1983, alleging mistreatment and poor conditions at the jail. Plaintiffs have each now submitted *in forma pauperis* applications and the Prisoner Authorization forms, the latter as required by the Prison Litigation Reform Act ("PLRA") as a prerequisite to commencement. Their requests to proceed *in forma pauperis* are granted. For the reasons that follow, defendants Freeman, Bailey, Thomas, Allen, the Head Mental Health Supervisor, and the New York City Department of Correction ("DOC") are dismissed from this action. Plaintiffs' claims against the remaining defendants may proceed.

1

Background

Plaintiffs allege that the living conditions at the Brooklyn Detention Center are "animalistic," with no ventilation or pillows, fungus in the showers, and asbestos, lead paint, and "residue everywhere." ECF Dkt. No. 1 ("Compl.") at 4. Plaintiffs attach multiple complaints addressed to various officials at DOC describing these conditions.

Separately, Brooks alleges that he was assaulted by correction officers Goode, Cheron, and Davis on February 12, 2016, and that Captain Roberts had knowledge of this assault. *Id.*; ECF Dkt. No. 1-2 at 40. As a result of the incident, Brooks's visitation privileges were suspended for 180 days, and he was charged with multiple offenses. Compl. at 4; ECF Dkt. No. 1-2 at 55; ECF Dkt. No. 1-4. Brooks also alleges a "federal violation" in that C.O. Freeman gave him an envelope from a federal judge containing a court order, but that the envelope did not have his name or identification number on it. Compl. at 6.

Other attachments to the pleadings include additional inmate grievance forms and written statements from other inmates, in support of Brooks, regarding the alleged assault. For his part, Ocasio appears to receive medical or mental health treatment. *Id.* at 4. He requested from DOC that he be placed in "the N.Y.C.D.O.C. sentenced building of C-76, so I may pursue my rehabilitation further." ECF Dkt. No. 1-2 at 3. In a letter addressed to the warden, Ocasio alleged insufficient access to the law library, inadequate medical treatment, and incomplete supervision by prison administrators and grievance coordinators. *Id.* at 27.

Plaintiffs seek millions of dollars in compensatory and punitive damages. Compl. at 6.

## Standard of Review

It is a black letter rule that *pro se* pleadings are held to less stringent standards than those drafted by attorneys, and that courts considering this sort of pleadings are required to read them liberally and interpret them as raising the strongest arguments they suggest. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Moreover, at the pleadings stage of a litigation, the district court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-80, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A complaint must plead, at the end of the day, sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

As a stiffening corollary, however, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon such review, a district court must dismiss a prisoner's complaint on its own motion if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that, under the PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999); 28 U.S.C. § 1915(e)(2)(B).

Finally, no matter upon what grounds the claims supposedly rest, a complaint must assert facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Bell Atl. Corp.*, 550 U.S. at 555 (Fed. R. Civ. P. 8 requires that the plaintiff's pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (citation omitted)); *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("[Fed. R. Civ. P. 8] is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery[.]").

## Discussion

DOC is dismissed as a defendant because the New York City Charter provides that suits "shall be brought in the name of the City of New York and not in that of any agency." N.Y.C. Charter § 396; *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007).

In another basic deficiency, other than in the caption, the complaint does not mention, either by name or by function, defendants V. Bailey, Deputy Warden of Programs; Captains S.T. Thomas and F. Allen; or the Head Mental Health Supervisor. Accordingly, these defendants are dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii).

The complaint does mention C.O. Freeman, the mailroom delivery officer. However, the only claim against him is that he delivered to Brooks a letter from a federal judge that was addressed to a different inmate. Plaintiffs have not identified any federal cause of action or alleged any constitutional deprivation that they suffered as a result of this misdelivery. Accordingly, the claims against Freeman are also dismissed for failure to state a claim, pursuant

to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii).

## Conclusion

Plaintiffs' requests to proceed *in forma pauperis* are granted, pursuant to 28 U.S.C. § 1915. For the reasons set forth above, all of the claims against defendants Freeman, Bailey, Thomas, Allen, the Head Mental Health Supervisor, and DOC are dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). No summonses shall issue against these defendants. The Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

Plaintiffs' claims shall proceed against the remaining defendants. The Court directs the Clerk of Court to issue summonses against the defendants who remain, and that the United States Marshals Service is to serve a copy of the complaint as amended by the Clerk, this Order, and the summonses on the remaining defendants. The Clerk shall also send courtesy copies to the New York City Corporation Counsel's Special Federal Litigation unit.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Court respectfully refers this matter to Magistrate Judge Lois Bloom for pretrial supervision.

So Ordered.

Dated: Brooklyn, New York
September 9, 2016

/S/ Judge Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge